**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**POP ALVA ARMANDO JEHOVANI,**

*Petitioner*,

v.

**ACTING FIELD DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**

*Respondent.*

No. 26-cv-08308

**ORDER**

**THIS MATTER** comes before the Court upon the *pro se* Petition for Writ of Habeas Corpus. (ECF No. 1). The Government has filed a letter advising the Court that Petitioner was transferred from the Elizabeth Detention Center in New Jersey to the Cibola County Correctional Center in Milan, New Mexico, on or about July 4, 2026. (ECF No. 5).

**WHEREAS**, under the prison mailbox rule, a *pro se* prisoner's habeas petition is generally deemed filed on the date the petitioner delivers it to prison officials for mailing. The rule is well established in the context of petitions under 28 U.S.C. § 2254, and courts have also applied it to immigration habeas petitions under 28 U.S.C. § 2241. *See Gueye v. Sessions*, No. 17-62232, 2018 WL 11447946, at *2 (S.D. Fla. Jan. 24, 2018); and

**WHEREAS**, the postage stamp on the envelope received by the Court indicates that the Petition was mailed on July 2, 2026. (ECF No. 1-1); and

**WHEREAS**, Petitioner was allegedly transferred out of this District on July 4, 2026, after the apparent filing date of the Petition. (ECF No. 5); and

**WHEREAS**, the Third Circuit has recently reaffirmed that a post-filing transfer of a habeas

petitioner out of the district does not divest the district court of jurisdiction where jurisdiction existed at the time of filing. *See Khalil v. President, United States*, 164 F.4th 259, 271 (3d Cir. 2026) ("Our longstanding precedent likewise supports Khalil's position that the government's post-filing transfer of a habeas petitioner out of a district court's territorial jurisdiction does not deprive the district court of jurisdiction over the petition . . . Khalil's later transfer to Louisiana did not divest the District Court of jurisdiction."); and

**WHEREAS**, it therefore appears that this Court may retain jurisdiction over the Petition notwithstanding Petitioner's subsequent transfer from New Jersey.

**IT IS HEREBY** on this 8th day of July, 2026,

**ORDERED** that Respondents shall, by July 10, 2026, at 5:00 p.m., either **SHOW CAUSE** why this Court lacks jurisdiction over the Petition notwithstanding Petitioner's subsequent transfer **OR** comply with the Court's previous Self-Executing Order, (ECF No. 3), by answering the Petition or returning Petitioner to the State of New Jersey and releasing him; and it is further

**ORDERED** that Respondents are enjoined from further transferring Petitioner except for the purpose of complying with this Court's Orders; and it is finally

**ORDERED** that Respondents shall personally serve a copy of this Order on Petitioner as soon as reasonably practicable.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**