**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**POP ALVA ARMANDO JEHOVANI,**

*Petitioner,*

v.

**ACTING FIELD DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**

*Respondent.*

No. 26-cv-08308

**ORDER**

**THIS MATTER** comes before the Court upon the *pro se* Petition for Writ of Habeas Corpus, (ECF No. 1), in which Petitioner alleges that he has been unlawfully detained without a valid legal basis and without a bond hearing. Following the entry of the Court's Self-Executing Order, Respondents filed an answer opposing the Petition. (ECF No. 7).

**WHEREAS**, Petitioner is a native and citizen of Guatemala who entered the United States on or about April 5, 2006, as a temporary worker authorized to remain until December 25, 2006. (Gov't Resp., ECF No. 7 at 2; Ex. B). He remained in the country beyond that date without authorization. (ECF No. 7 at 2). ICE arrested Petitioner on June 28, 2026, and served him with a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. (*Id.*). His removal proceedings remain pending. (*Id.*); and

**WHEREAS**, Petitioner alleges that he has been unlawfully detained under 8 U.S.C. § 1225(b), which does not provide an opportunity to seek bond. (Pet., ECF No. 1); but

**WHEREAS**, Respondents answered that Petitioner is being detained under § 1226(a), had requested a bond hearing before an Immigration Judge ("IJ"), and that a hearing had been scheduled. (ECF No. 7); and

**WHEREAS**, the Court subsequently ordered Respondents to file competent proof that Petitioner had received a bond hearing and the outcome of the hearing. (ECF No. 8); and

**WHEREAS**, Respondents thereafter filed proof that Petitioner received a bond hearing before an IJ on July 17, 2026, and that the IJ denied bond after finding that Petitioner had not met his burden to show that he is not a flight risk. (ECF No. 11); and

**WHEREAS**, Petitioner has received the § 1226(a) bond hearing he is entitled to and does not otherwise dispute that § 1226(a) applies to him;[1] therefore

**IT IS** on this 20th day of July, 2026,

**ORDERED** that the Petition for Writ of Habeas Corpus, (ECF No. 1), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner shall file any amended petition by August 3, 2026; and it is further

**ORDERED** that Petitioner shall not be transferred from his present location; and it is further

**ORDERED** that, if no amended petition is filed within the time set forth above, all Orders not to transfer Petitioner shall be **VACATED** and the Clerk of the Court shall close the case; and it is finally

**ORDERED** that Respondents shall personally serve a copy of this Order on Petitioner as soon as reasonably practicable and file proof of service on the docket.

**CHRISTINE P. O'HEARN**
**United States District Judge**

[1] To the extent Petitioner seeks review of the IJ's denial of bond, this Court lacks jurisdiction to reweigh the evidence or otherwise review the discretionary bond determination itself. *See* 8 U.S.C. § 1226(e). While this Court may review whether a bond hearing is fundamentally unfair, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2–3 (3d Cir. Feb. 25, 2022), Petitioner did not raise such a claim in the Petition. However, the Court will deny the Petition without prejudice in the event Petitioner seeks to now assert such a claim.